# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BASIL ALLAH YATES, | : | CIVIL ACTION NO. 3:CV-05-1723 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | **FILED SCRANTON** |
| RODNEY V. PAINTER, et al., | : | MAY 1 1 2009 |
| Defendants | : | PER ___ DEPUTY CLERK |

## MEMORANDUM AND ORDER

On August 23, 2005, Plaintiff, Basil Allah Yates ("Yates"), an inmate currently incarcerated in the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983 under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, and the First and Fourteenth Amendments to the United States Constitution. The named defendants are the following officers of the Pennsylvania Department of Corrections ("DOC"): Rodney Painter, Lieutenant of Security at SCI-Smithfield; Robert Norris, Hearing Examiner at SCI-Smithfield; John Palakovich, Superintendent at SCI-Smithfield; Deborah Patton, Corrections Counselor at SCI-Smithfield; Litchard and Stubbs, SCI-Camp Hill

1

Correctional Officers; Robert Bilous, Unit Manager at SCI-Camp Hill; Donald Kelchner, Superintendent at SCI-Camp Hill; Eugene J. Branningan, Deputy Superintendent at SCI-Camp Hill; Z. Moslak, Hearing Examiner at SCI-Camp Hill; Sharon M. Burks, Department of Corrections Chief Grievance Officer; Donald Williamson, Department of Corrections Diagnostic & Classification Coordinator; and Robert Bitner; Department of Corrections Chief Hearing Examiner. He seeks compensatory and punitive damages, as well as injunctive relief, for various allegations of constitutional violations. On November 4, 2005, Plaintiff filed an amended complaint. (Doc. 10).

On November 15, 2 005, Defendants filed a motion to dismiss the amended complaint, and a supporting brief on November 30, 2005. (Docs. 14, 17). On March 22, 2006, Plaintiff filed a motion for leave to file a supplemental complaint and a brief in support of the motion. (Doc. 27).

By Order dated June 9, 2006, the Court granted Defendants' motion to dismiss the amended complaint, and denied Plaintiff's motion to supplement the amended complaint. (Doc. 30).

On June 15, 2006, after Plaintiff's case was closed, Plaintiff filed a Supplemental Complaint, adding new defendants, allegations and causes of action. (Doc. 31).

On July 7, 2006, Plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit. (Doc. 33). While Plaintiff's case was on appeal, the Third Circuit decided the case of Washington v. Klem, 497 F.3d 272 (3d Cir. 2007), which changed the RLUIPA analysis. Because of this intervening decision, the Third Circuit vacated the judgment of this Court and remanded the case for proceedings consistent with Washington. In remanding the matter, although the Third Circuit made no findings regarding this Court's denial of Plaintiff's motion to supplement his amended complaint, the Court did note the following:

> Appellees also acknowledge that, on remand, Yates should have the opportunity to amend his complaint and proceed with discovery. See Appellees' Br. at 4 n.2. In his reply brief, Yates notes that Appellees do not address the other issues that Yates raised, but agrees with the Appellees' proposed disposition of this appeal, and requests that the District Court judgment be vacated in its entirety. In light of our decision in Washington, we agree with both parties that remand is appropriate.

Yates v. Painter, No. 06-3302, slip op. at 5 (3d Cir. Jan. 13, 2009).

On January 21, 2009, Defendants filed a motion to defer their obligation to respond to Plaintiff's amended complaint and discovery requests. (Doc. 60). In his brief in opposition to Defendants' motion, Plaintiff stated that "at this time [he] has no desire, nor intentions of filing a second amended complaint, (Doc. 62 at ¶ 8). Thus, by Order dated February 18, 2009, this Court granted Defendants' motion to respond to Plaintiff's discovery requests and granted Defendants until March 30, 2009, to file a responsive pleading to Plaintiff's first amended complaint. (Doc. 66).

On February 26, 2009, Plaintiff filed a motion seeking clarification from this Court as to the status of his supplemental complaint and supporting exhibits. (Doc. 68). The motion has been fully briefed and, in light of the Third Circuit's remand, will be treated as a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60. For the reasons set forth below, the Plaintiff's motion will be granted in part and denied in part.

## Discussion

Pursuant to Fed.R.Civ.P. Rule 60(b)(5):

> On motion and just terms, the court may relieve a party or
> its legal representative from a final judgment, order, or
> proceeding for the following reasons: ... (5) the judgment
> has been satisfied, released, or discharged; it is based on an

4

earlier judgment that has been reversed or vacated; or
applying it prospectively is no longer equitable.

A Rule 60(b)(5) motion for relief from final judgments or orders no longer equitable requires "a significant change in either factual conditions or the law." Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992).

Federal Rule of Civil Procedure 15(d) provides:

(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental complaints are not barred merely because they set forth new claims. However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971). A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

5

Further, granting of a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. Factors to be considered by the court in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience to permitting a plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action. Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. Id.

Plaintiff's original complaint was filed on August 23, 2005. Inmate Yates clearly indicates that the purpose of his proposed supplemental complaint is to raise similar claims of constitutional misconduct which occurred following his transfer from SCI-Camp Hill to SCI-Huntingdon. The allegations and facts asserted in the proposed supplemental complaint, including the claims against proposed additional defendants, are not directly connected to the SCI-Camp Hill related claims and facts which are the basis of the original complaint. Second, Yates' motion to supplement was submitted well after the initiation of this action.

Based upon the above factors, to permit the filing of a supplemental complaint containing facts, additional defendants and allegations which transpired at SCI-Huntingdon, and containing allegations which are not directly related to the original claims would be prejudicial and cause undue delay. Consequently, based on an application of the factors announced in Nottingham, Yates' motion to file a supplemental complaint in the instant action will be denied. However, because allowing the Plaintiff the opportunity to reassert his proposed supplemental claims in a new action would result in prejudice to the Plaintiff, as it appear that such claims, which occurred in 2005, would now be barred by the statute of limitations[1], the Court will direct the Clerk of Court to extract Plaintiff's supplemental complaint from this

---

[1] In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir.1989).

The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons.Stat. Ann. § 5524(7) (Purdon Supp.1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir.1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.), cert. denied, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir.1991) (citations omitted).

action and file it as a new action, filed as of June 15, 2006, the date it was filed in the instant action. An appropriate Order will be entered.

Dated: May //, 2009

United States District Judge

8

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BASIL ALLAH YATES, | : | CIVIL ACTION NO. 3:CV-05-1723 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| RODNEY V. PAINTER, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, THIS 11th DAY OF MAY, 2009, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for clarification regarding his supplemental complaint (Doc. 68) is treated as a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60.

2. Plaintiff's motion for relief from judgment, pursuant to Fed.R.Civ.P. 60 is (Doc. 68) **GRANTED** in part and **DENIED** in part.

3. Plaintiff's motion for relief from the judgment of this Court to deny Plaintiff's motion to file a supplemental complaint in the above captioned action is **DENIED**.

4. Plaintiff's motion for relief from the judgment of this Court to deny Plaintiff's motion to file

the claims raised in his supplemental complaint as a new action is **GRANTED**.

5. The Clerk of Court is directed to extract Plaintiff's supplemental complaint (Doc. 31) and supporting exhibits (Doc. 32) from this action and file said documents and a copy of this Order, as a new action, filed as of June 15, 2006.

                                                **United States District Judge**